**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

May 14, 2013

**VIA ECF**
The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:**   **Garcia v. Cohen**
**12 CV 4136 (MKB) (SMG)**

**Bokitko v. Cohen**
**12 CV 3672 (MKB) (SMG)**

**Roness v. Cohen**
**12 CV 3243 (MKB) (SMG)**

**Harris v. Cohen**
**12 CV 3922 (MKB) (SMG)**

**Hofstatter v. Cohen**
**12 CV 3920 (MKB) (SMG)**

**Kingston v. Cohen**
**12 CV 3926 (MKB) (SMG)**

Dear Judge Brodie:

I represent the plaintiffs in the above matters. Plaintiffs requests a pre-motion conference in order to be granted leave to file a motion for summary judgment. The cases were deemed related and have certain allegations which are common to all cases. While there was some discussion before Chief Magistrate Judge Gold about the question of pursuing class certification, we will proceed on an individual basis for all of the matters.

The Garcia, Bokitko, Harris and Kingston matters all contain allegations that prior to the letter at issue, no attorney reviewed the plaintiffs file before the letter was sent. Public records demonstrate the Cohen & Slamowitz filed tens of thousands of lawsuits per year. Based upon the attorney matter ratio, it is impossible that an attorney meaningfully reviews the file. For example, the defendant sent Jason Garcia a letter dated April 13, 2012 which stated that no attorney had personally reviewed the particular circumstances

1

of the account. Subsequently, the defendant sent the plaintiff a letter dated April 26, 2012 where was no disclosure concerning the lack of attorney review of the file. First, this leaves the least sophisticated consumer confused as to whether the file was reviewed or not. This is a meaningful violation of the Act, for as we know, as the Second Circuit has stated, that the receipt of an attorney's letter gets the knees of the debtor shaking. The inclusion of the disclosure in the April 13, 2012 letter perhaps assuages the fear of the debtor but the non-inclusion in the April 26, 2012 letter a mere thirteen days later can give the least sophisticated consumer the belief that the file was reviewed. The account history produced in discovery shows that on April 16, 2012 there is a notation "Review file prior to suit." The notation does not set forth that an attorney reviewed the file nor does it state which attorney reviewed the file.

We contend that no reasonable jury could be believe that an attorney reviewed the file prior to the sending of the April 26, 2012 letter and that the matter is appropriate to be decided upon summary judgment. Again, there are two reasons for moving at this time. One is that the documentary evidence demonstrates that no attorney reviewed the file. Second, that public records will demonstrate that of all of the collection matters where a certain percentage go suit, it is impossible that an attorney spent the appropriate time to meaningfully review the file. A cursory glance at a computer screen is not sufficient. Second, the least sophisticated consumer will be confused and uncertain as to whether the matter was reviewed by an attorney or not.

The Hofstatter matter contains the same allegations in addition to others. The complaint alleges that the law firm is a domestic LLP which has filed to do business with the Secretary of State but the Department confirmed as of May 8, 2012 that the defendant had not filed any affidavits or certificate of publication which leads the firm to be suspended from doing business within the State of New York. This is a material violation of the FDCPA as it violates the New York Limited Liability Company Law.

In addition, from October 3, 2011 to October 24, 2011, the dates of two collection letters, the defendant added $210.00 which is the costs of purchasing an index number. The defendant added unauthorized charges to the account.

The Roness matters contains violations of no attorney review, no publication and that a collector from the defendant left a message for a third party for the plaintiff to call back the defendant, but that the plaintiff did not know that the call was from a debt collector. The plaintiff respectfully refers the Court to the Roness complaint for a recitation of caselaw concerning the leaving of messages. Of course, in the memorandum of law, the plaintiff is prepared to set forth caselaw to support each allegation raised above.

Thank you for the Court's consideration of the foregoing.

Yours faithfully,

/s/
Adam J. Fishbein

Cc:     Wendy B. Shepps, Esq.